IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KENNETH HOUCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:16-cv-1396-JPG-DGW |
| | ) | |
| JOHN DOE 1, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the motion for recruitment of counsel (Doc. 27) and the "motion for court's emergency intervention" (Doc. 35) filed by Plaintiff, Kenneth Houck. Both motions are **DENIED WITHOUT PREJUDICE**.

Plaintiff has no constitutional nor statutory right to a Court-appointed attorney in this matter. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). However, 28 U.S.C. § 1915(e)(1) provides that the Court "may request an attorney to represent any person unable to afford counsel." Prior to making such a request, the Court must first determine whether Plaintiff has made reasonable efforts to secure counsel without Court intervention (or whether has he been effectively prevented from doing so). *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). If he has, then the Court next considers whether, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself . . . ." *Farmer v. Haas*, 990 F.2d 319, 321-322 (7th Cir. 1993); *Pruitt*, 503 F.3d at 655 ("the question is whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself."). In order to make such a determination, the Court may consider, among other things, the complexity of the issues presented and the Plaintiff's education,

skill, and experience as revealed by the record. *Pruitt*, 503 F.3d at 655-656. Ultimately, the Court must "take account of all [relevant] evidence in the record" and determine whether Plaintiff has the capacity to litigate this matter without the assistance of counsel. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013).

On May 23, 2017, Plaintiff was directed to seek recruitment of counsel on the form provided to him by the Clerk of Court (Doc. 19). Instead, he submitted a typewritten document that contains some, but not all, of the information that is contained in the form, information that would allow the Court to make an informed decision about recruitment of counsel. For example, the document submitted by Plaintiff does not identify what medications he is taking or whether counsel had been recruited for him in other lawsuits. Rather, he merely lists conditions that all inmates are subjected to, namely limited legal resources, limited legal knowledge, and the prosecution of multiple cases. The document displays that Plaintiff is capable of reading and writing in English and that he is capable of advocating on his behalf.

In his second motion, Plaintiff states that he has been transferred to a Residential Reentry Center in Syracuse, New York. He indicates that he has limited access to a computer, and that, while he is able to leave the center, he is unable to use computers in public areas, like a library, because of limitations on use of computing equipment. In essence, Plaintiff has no law library at the facility where he is currently housed. He further claims that he is unable to respond to discovery and that he has 8 documents that he needs to respond to, write, and file with the Clerk of Court. First, Plaintiff should not be conducting any discovery in this matter as Defendants have not entered an appearance and no scheduling order has been entered. Second, any delay in responding to or filing documents can be remedied by reasonable extensions of time.

As such, both motions are **DENIED WITHOUT PREJUDICE**. Plaintiff is again

instructed to fill out the form "Motion for Recruitment of Counsel" and submit it to the Court for review. Discovery in this matter will not commence until the Court has entered a Scheduling Order. At that time, if Plaintiff has difficulty following the instructions contained therein or meeting the deadlines, he may inform the Court and seek specific relief.

       The Clerk of Court is again **DIRECTED** to send to Plaintiff the form motion for recruitment of counsel.

**DATED: August 22, 2017**

                                            **DONALD G. WILKERSON**
                                            **United States Magistrate Judge**