UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KENNETH HOUCK,

    Plaintiff,

v.

UNITED STATES OF AMERICA, MAUREEN BAIRD, SLOOP, FEDERAL BUREAU OF PRISONS, A. MARQUEZ, J.M. POWERS, C/O JOHN DOE 1, C/O JOHN DOE 2, C/O LANG, C/O WOOLRIDGE, DR. COOK, J. WEBER, LT. BROOKS, LT. JOHN DOE 1, LT. JOHN DOE 2, LT. MASH, LT. McMILLON, LT. DELOIA, MR. MEADE, MS. CASTELLANO, MS. G. CREWS and SIS LT. JOHN DOE,

    Defendants.

Case No. 16-cv-1396-JPG-DGW

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 44) of Magistrate Judge Donald G. Wilkerson recommending that the Court grant the motion to dismiss for lack of subject matter jurisdiction filed by defendants Weber, Lang, Deloia, Meade, Cook and Castellano (Doc. 38) and deny as moot the motion to dismiss for lack of prosecution filed by the same defendants (Doc. 41). Plaintiff Kenneth Houck objects to the Report to the extent it recommends dismissal for lack of subject matter jurisdiction (Docs. 52 & 53).

Houck was convicted of a federal sex offense and has spent some of his period of incarceration at the United States Penitentiary at Marion, Illinois ("USP-Marion"). He filed this lawsuit complaining of the treatment he received at USP-Marion because of his status as a sex offender. The two remaining claims in this case are brought under the implied cause of action theory recognized in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Count 1 alleges a violation of the equal protection component of the Fifth Amendment Due Process Clause because Houck is homosexual and was treated differently than similarly situated

non-homosexual sex offenders because of his homosexuality, particularly with respect to the restrictions in his "Correctional Management Plan" ("CMP") although in other respects as well. Count 4 alleges a violation of the First Amendment right to free speech and free association based on aspects of his CMP that result in restrictions on his correspondence with pen pals, his receipt of certain photographs, and his book requests.

Magistrate Judge Wilkerson found in the Report that, under the analysis required by *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017), there is no private cause of action for either of Houck's remaining claims and that they should therefore be dismissed.

In his objections, Houck complains, among other things, that he was not assisted by counsel on the complicated legal questions presented by the defendants' motion based on *Ziglar*. He has also filed a motion for appointment of counsel recounting several health-related reasons why he is not capable of litigating this case at this time (Doc. 43).

While the Court has earlier denied Houck's request for recruitment of counsel (Doc. 37), it finds it advisable to recruit counsel now for a limited purpose. Whether to assign an attorney to represent an indigent civil litigant is within the sound discretion of the district court. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). There is absolutely no right to appointment of counsel in a civil case. *Pruitt*, 503 F.3d at 656-57. Pursuant to 28 U.S.C. § 1915(e)(1), the Court may request the assistance of counsel in an appropriate civil case where a litigant is proceeding *in forma pauperis*. *Mallard v. United States District Court*, 490 U.S. 296 (1989); *Pruitt*, 503 F.3d at 649. Local Rule 83.1(i) obligates members of the bar of this Court to accept assignments, provided an assignment is not made more than once during a twelve-month period.

Magistrate Judge Wilkerson's Report does not suffer from any obvious flaws, and if accepted it would have the serious consequence of foreclosing an entire avenue of relief to Houck and others who might have the same types of complaints. The analysis required by *Ziglar* is complex, Houck is untrained in the law, and the Court would benefit from learned adversarial briefing before reaching a conclusion that might have such serious consequences. Therefore, the Court will grant Houck's motion for recruitment of counsel (Doc. 43) and will assign a member of the Court's *Pro Bono* Panel to represent Houck *solely for the purposes of responding to the defendants' motion based on Ziglar*. All other aspects of this case will be stayed pending resolution of that motion to dismiss.

For the foregoing reasons, the Court hereby:

- **ADOPTS in part** and **REJECT in part** the Report (Doc. 44);

- **GRANTS** Houck's motion for recruitment of counsel (Doc. 43);

- **REFERS** the recruitment of counsel to Magistrate Judge Wilkerson;

- **REFERS** the motion to dismiss filed by defendants Weber, Lang, Deloia, Meade, Cook and Castellano (Doc. 38) to Magistrate Judge Wilkerson pursuant to Local Rule 72.1(a)(2) for further briefing and a new Report and Recommendation;

- **STAYS** all other aspects of this case pending resolution of the motion to dismiss (Doc. 38); and

- **DENIES** the motion to dismiss for lack of prosecution (Doc. 41) for the reasons stated in the Report.

**IT IS SO ORDERED.**
**DATED: May 8, 2018**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**