UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KENNETH HOUCK,

    Plaintiff,

v.

UNITED STATES OF AMERICA, MAUREEN
BAIRD, SLOOP, FEDERAL BUREAU OF
PRISONS, A. MARQUEZ, J.M. POWERS, C/O
JOHN DOE 1, C/O JOHN DOE 2, C/O LANG, C/O
WOOLRIDGE, DR. COOK, J. WEBER, LT.
BROOKS, LT. JOHN DOE 1, LT. JOHN DOE 2, LT.
MASH, LT. McMILLON, LT. DELOIA, MR.
MEADE, MS. CASTELLANO, MS. G. CREWS and
SIS LT. JOHN DOE,

    Defendants.

Case No. 16-cv-1396-JPG

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 69) of Magistrate Judge Gilbert C. Sison recommending that the Court grant the motion to dismiss for lack of subject matter jurisdiction filed by defendants Weber, Lang, Deloia, Meade, Cook and Castellano (Doc. 38). He further recommends dismissing the John Doe defendants for the same reasons.

Magistrate Judge Sison's Report was not the first Report to be issued on the pending motion. When the defendants originally filed the motion, plaintiff Kenneth Houck was *pro se*. Based on Houck's uncounseled briefing, Magistrate Judge Donald G. Wilkerson issued a Report and Recommendation recommending the Court grant the defendants' motion (Doc. 44). However, although Magistrate Judge Wilkerson's Report did not suffer from any obvious flaws, the Court noted that, if accepted, it would have the serious consequence of foreclosing an entire avenue of relief to Houck and others who might have the same types of complaints. In light of

the complexity of the required analysis and Houck's lack of legal training, the Court found it advisable to recruit counsel for Houck to provide learned adversarial briefing before the Court reached a conclusion that might have such serious consequences (Doc. 54). *See, e.g., Smadi v. True*, 783 F. App'x 633, 634 (7th Cir. 2019) (remanding case for District Court to recruit counsel for plaintiff on claim impacted by *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017)).

Recruited counsel appeared and submitted a response to the defendants' motion (Doc. 61). That briefing led to Magistrate Judge Sison's Report, which was issued on September 17, 2019. Houck's counsel began to have problems communicating with him—he had by then been let out of prison and reincarcerated—so sought numerous extensions of time to object to the Report (Docs. 70, 72, & 74). Counsel then moved for relief from the assignment of representing Houck on the grounds that counsel could not file an objection to the Report consistent with counsel's obligations under Federal Rule of Civil Procedure 11(b) (Docs. 79 & 81). The Court allowed Houck an opportunity to respond to counsel's motion to withdraw, but he failed to respond (Doc. 80). The Court relieved counsel of the assignment, sent Houck a copy of the Report, and allowed him until February 13, 2020, to file a *pro se* objection (Doc. 82). Houck filed an objection in which he asks for appointment of counsel and for a stay in this matter until he is found not guilty on his current charges and can get access to his legal materials, which are not with him at his current facility but are in storage in his hometown city (Doc. 83).

The Court will not assign an attorney to represent Houck. It provided him an attorney, who adequately presented legal arguments in his favor on the relevant issues. When counsel moved to withdraw, Houck did not respond. Counsel has already articulated arguments in support of Houck's position (Doc. 61), and the Court does not see how further involvement of

counsel would contribute to Houck's case or have a reasonable chance of changing the outcome set forth below. Instead, the Court will review the entire matter *de novo* in light of Houck's clear intent to object to the Report, considering the arguments counsel has already articulated.

## I. Background

Houck was convicted of a federal sex offense and has spent some of his period of incarceration at the United States Penitentiary at Marion, Illinois ("USP-Marion"). He filed this lawsuit complaining of the treatment he received at USP-Marion because of his status as a sex offender. The two remaining claims in this case are brought under the implied cause of action recognized in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Count 1 alleges a violation of the equal protection component of the Fifth Amendment Due Process Clause because Houck is homosexual and was treated differently than similarly situated non-homosexual sex offenders because of his homosexuality, particularly with respect to the restrictions in his "Correctional Management Plan" ("CMP") although in other respects as well. Count 4 alleges a violation of the First Amendment right to free speech and free association based on restrictions in Houck's CMP on his correspondence with pen pals, his receipt of certain photographs, and his book requests

## II. The Report

In the Report, Magistrate Judge Sison finds that there is no private cause of action for either of Houck's remaining claims. Relying on *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017), Magistrate Judge Sison first rejects Houck's suggestion that the Court was wrong to construe his claims as falling under the Fifth and First Amendments rather than under the Eighth Amendment. Then, going through the analysis mandated by *Ziglar*, he concludes that the case

at bar presents new contexts for which the Supreme Court has not previously recognized a *Bivens* cause of action, and that special factors counsel hesitation by a federal court in the absence of Congressional action to create a cause of action.

Specifically, Magistrate Judge Sison finds the claims in this case are different in a meaningful way from the only three claims in which the Supreme Court has recognized a *Bivens* cause of action:  (1) *Bivens* itself, which presented a Fourth Amendment claim for damages against federal law enforcement agents for a warrantless search and arrest, *Bivens*, 403 U.S. at 389-90, (2) *Davis v. Passman*, 442 U.S. 228, 230-31 (1979), which presented a gender discrimination in employment claim for damages against a Congressman, and (3) *Carlson v. Green*, 446 U.S. 14, 16 (1980), which presented an Eighth Amendment claim for damages against federal prison officials for deliberate indifference to a decedent's medical needs.  He further notes that, even if Houck's claim could be viewed under the Eighth Amendment because of the conditions of confinement created by the defendants' conduct, such a claim, too, presents a context different from the previously recognized Eighth Amendment claim in *Carlson*.

Magistrate Judge Sison further finds Houck has alternative avenues for addressing his concerns in both of his claims:  prospective injunctive or declaratory relief, Bureau of Prisons administrative remedies, a declaratory judgment action, the Prison Rape Elimination Act[1], and the Federal Tort Claims Act.  Magistrate Judge Sison further finds, as a special factor counseling hesitation before recognizing a new *Bivens* cause of action, the failure of Congress to enact a damages remedy when considering prisoner issues in connection with the Prison Litigation Reform Act.  Magistrate Judge Sison concludes that Congress did not intend to allow

---

[1] The defendants' motion and the Report cite the PREA as 42 U.S.C. §§ 15601-09.  However, as of September 1, 2017, the PREA was recodified as 34 U.S.C. §§ 30301-09.

claims under *Bivens* for the kinds of claims Houck brings in this case.

Finally, because the same reasoning applies to the unnamed John Doe defendants, Magistrate Judge Sison recommends dismissal of the claims against those defendants as well.

**III.  Analysis**

Following a *de novo* review, the Court finds Magistrate Judge Sison's Report is correct for the reasons stated therein as well as the consistent reasons set forth in Magistrate Judge Wilkerson's original Report on the defendants' motion.   This Court has already decided that the proper lens through which to view Houck's claims are the Fifth and First Amendments, not the Eighth Amendment (Doc. 14).   Houck has not raised any compelling argument that that initial decision under 28 U.S.C. § 1915A was wrong.

Houck suggests his *Bivens* claims do not present a new context because Count 1 relies on the Fifth Amendment equal protection component, the same general constitutional right at issue in *Davis v. Passman*, 442 U.S. 228 (1979).   Under the test articulated by *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017), this is wrong:

> The proper test for determining whether a case presents a new *Bivens* context is as follows.   If the case is different in a meaningful way from previous *Bivens* cases decided by this Court, then the context is new.   Without endeavoring to create an exhaustive list of differences that are meaningful enough to make a given context a new one, some examples might prove instructive.   A case might differ in a meaningful way because of the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous *Bivens* cases did not consider.

*Id.* at 1859-60.   Just because the source of the right at issue is the same as in a previously recognized *Bivens* action does not necessarily mean the case does not present a new context.

5

*See Correctional Servs. Corp. v. Malesko*, 534 U.S. 61 (2001) (declining to recognize Eighth Amendment *Bivens* claim against private prison operator even in light of the recognition of such a claim against a federal prison employee in *Carlson v. Green*, 446 U.S. 14 (1980)). Regardless of whether it relied on the same constitutional amendment, *Davis* did not involve facts, circumstances or interests similar to those in Houck's case—decisions made by prison officials in an effort to maintain order and discipline in a correctional facility while striving to treat and rehabilitate an inmate based on his particular circumstances and crime of conviction. This case is meaningfully different from *Bivens*, *Davis* and *Carlson*. The same is true for any Eighth Amendment claim Houck may claim to have; such a claim differs in material ways from the Eighth Amendment deliberate indifference to serious medical need claim recognized in *Carlson*.

As for Houck's First Amendment claim, he has pointed to no prior case expressly finding such a claim is cognizable in a *Bivens* action. *See, e.g., Reichle v. Howards*, 566 U.S. 658, 663 n.4 (2012) ("We have never held that *Bivens* extends to First Amendment claims."). Indeed, the Seventh Circuit Court of Appeals recently rejected a similar First Amendment claim in *Borowski v. Bechelli*, 772 F. App'x 338, 339 (7th Cir. 2019).

Magistrate Judge Sison was further correct in his special factors analysis. Houck has alternative means of protecting his interest other than a *Bivens* action for damages. This is so even if some of the remedies Magistrate Judge Sison lists have been unsuccessful in providing Houck relief or do not offer the type of relief he may get in a federal damages lawsuit. However, the question is not whether Houck has an alternative way to get *to federal court* or *a particular result*; it is whether there is "any alternative, existing process for protecting [his] interest." *Ziglar*, 137 S. Ct. at 1858. And "[t]he absence of statutory relief for a constitutional

violation . . . does not by any means necessarily imply that courts should award money damages against the officers responsible for the violation." *Schweiker v. Chilicky*, 487 U.S. 412, 421-22 (1988). The alternatives Magistrate Judge Sison listed in the Report provide *some* way for Houck's interests to be protected, even if the remedies have not been successful or cannot provide the relief Houck seeks. Additionally, the *Ziglar* court noted the open question of whether conditions of confinement can be challenged in a *habeas corpus* proceeding, which may provide a further alternative avenue to obtain a remedy. *Ziglar*, 137 S. Ct. at 1862-63 (citing *Bell v. Wolfish*, 441 U.S. 520, 526 n.6 (1979); *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973)).

As for the special factor analysis, Magistrate Judge Sison appropriately notes Congress's failure to expressly create a damages remedy when legislating in the area. Additionally, the Court notes the long-standing principle that prison administrators possess special expertise on matters of institutional security to which the Court should generally give wide-ranging deference. *Bell*, 441 U.S. 520 at 547-48. These factors weigh against recognizing a new *Bivens* remedy in this case.

Because this case presents a new *Bivens* context where special factors counsel hesitation by the Court and where other alternatives exist for protecting Houck's interests, the Court will not recognize a *Bivens* claim in this context. Accordingly, the Court finds Houck has failed to state a claim, and it will dismiss this case with prejudice. This conclusion—dismissal based on the failure to state a claim rather than subject matter jurisdiction—is the only way in which the Court departs from the Report, which recommends dismissal for lack of subject matter jurisdiction. The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 since it deals with a federal constitutional question, so dismissal should be for failure to state a claim

7

pursuant to Federal Rule of Civil Procedure 12(b)(6). *Borowski v. Baird*, No. 3:16-cv-848-JPG-SCW, 2018 WL 6583976, at *1 (S.D. Ill. Dec. 14, 2018), *aff'd sub nom. Borowski v. Bechelli*, 772 F. App'x 338 (7th Cir.), *cert. denied,* 140 S. Ct. 663 (2019).

By this ruling, the Court in no way condones the unfair treatment of any inmate based on sexual orientation or the unwarranted infringement on First Amendment speech and association rights. However, in light of *Ziglar*, the question of how and where to provide a remedy for violations of such constitutional rights are decisions better left to Congress rather than to the Courts.

## IV. Conclusion

For the foregoing reasons, the Court hereby:

- **ADOPTS** the Report as **MODIFIED** by this order (Doc. 69);

- **GRANTS** the motion to dismiss filed by defendants Weber, Lang, Deloia, Meade, Cook and Castellano (Doc. 38);

- **DISMISSES with prejudice** Counts 1 and 4 pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim; and

- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:   March 4, 2020**

                                           s/ J. Phil Gilbert
                                           **J. PHIL GILBERT**
                                           **DISTRICT JUDGE**